IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DISABILITY RIGHTS TEXAS, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> RICHARD ALFORD, in his official § <br> capacity as the Warden of Jack Harwell § <br> Detention Center, developed and operated § <br> by Southwestern Correctional, L.L.C., § <br> DBA, LaSalle Southwest Corrections, § <br>     Defendant. § | CIVIL ACTION NO. 6:19-cv-00391 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas complains of Defendant Richard Alford, in his official capacity as the Warden of Jack Harwell Detention Center in Waco, Texas, which is developed and operated by Southwestern Correctional, L.L.C., DBA, LaSalle Southwest Corrections, a developer and operator of correctional centers in the States of Louisiana, Texas, and Georgia.

**I. PRELIMINARY STATEMENT**

1. Disability Rights Texas ("DRTx"), as Texas' designated Protection and Advocacy System, has the authority to have unrestricted access to all general areas of the Jack Harwell Detention Center ("JHDC"), as well as the JHDC's special mental health or forensic units, for the purposes of providing information, training, monitoring compliance with respect to the rights and safety of detainees, and to investigate incidents of abuse or neglect of detainees; and access to records.

2. DRTx has made repeated requests to Defendant to access JHDC and has requested records in accordance with its federal mandates; however, Defendant continues to deny DRTx full,

complete, meaningful, and timely access to the JHDC, the staff of the JHDC, the detainees who are incarcerated at the JHDC, and requested records in violation of the Protection and Advocacy for Mentally Ill Individuals ("PAIMI") Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights ("PADD") Act, 42 U.S.C. § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights ("PAIR") Act, 29 U.S.C. § 794e(a) (These three laws are hereinafter collectively referred to as the "P&A Acts.").

3. DRTx seeks declaratory and permanent injunctive relief to prevent Defendant from continuing to thwart DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities, and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. § 2201, and 42 U.S.C. § 10805(a)(1)(B).

## II. JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 to redress Defendant's violation of the P&A Acts, 42 U.S.C. § 10801, *et seq.*, 42 U.S.C. §§ 15001, *et seq.*, 29 U.S.C. § 794c(a), and 28 U.S.C. §§ 2201-02.

5. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Fed. R. Civ. P. 57 & 65.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) & (c) because Defendants reside in this district, and because the events or omissions complained of herein occurred in this district.

## III. PARTIES

7. Plaintiff DISABILITY RIGHTS TEXAS is a nonprofit Texas corporation authorized by Congressional mandate to protect and advocate for the civil rights of persons with disabilities. DRTx was and is designated by the State of Texas to perform this Congressional

mandate pursuant to the DD Act, 42 U.S.C. §§ 15001-03, and the PAIMI Act, 42 U.S.C. §§ 10802-03. DRTx spends considerable time and resources monitoring conditions at detention facilities, including facilities like those at JHDC, and advocating for the rights of people residing in those facilities.

8. LaSalle Southwest Corrections is a for-profit company operating in the State of Texas and, specifically, in McLennan County, Texas. It contracts with McLennan County and receives county funds and resources to operate the JHDC, a facility which serves an overflow jail for McLennan County Jail. LaSalle Southwest Corrections employs Defendant Richard Alford as the Warden of the JHDC. JHDC is located at 3101 Marlin Highway, Waco, Texas, 76705.

9. Defendant Richard Alford is sued in his official capacity as the Warden of the JHDC and an employee of LaSalle Southwest Corrections, which he was at all times during the actions described by this suit.  Defendant is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Defendant is also responsible for ensuring that all of its facilities, including JHDC, are in compliance with federal and state laws. Defendant Richard Alford may be served with process at the JHDC, 3101 Marlin Highway, Waco, Texas, 76705.

10. Wherever Plaintiff uses the word "Defendant" in this petition it means Defendant, its agents, employees, successors, and all persons acting in concert with Defendant at its direction.

### IV.  FACTS

11. Because many persons with disabilities living in private and public institutions suffer from abuse and neglect, and are often unlikely to report abuses committed by the people who have daily control over their lives, Congress mandated that each state have a "Protection and Advocacy System" designed to have independent access to such institutions in order to detect and

prevent such abuse and neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate systems that are designed to protect and advocate the rights of individuals with disabilities, and to investigate incidents of abuse and neglect of individuals with disabilities. *See e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* The State of Texas has designated DRTx as its Protection and Advocacy System.

12. Under the PAIMI Act, 42 C.F.R § 51.2, Plaintiff DRTx has access not only to a public or private jail's special mental health or forensic units, but also to all general areas of a jail. The P&A Acts require jails to allow DRTx to: (1) have unaccompanied access to facilities to monitor compliance with respect to the rights and safety of jail detainees; (2) provide information and training to jail detainees; (3) investigate allegations of abuse and neglect of jail detainees; and (4) pursue legal, administrative, and other appropriate remedies to ensure enforcement of the jail detainees' constitutional and statutory rights. *See* 45 C.F.R. § 1386.22(f)-(h); 42 C.F.R. § 51.42(b)-(c). Despite Plaintiff DRTx's statutory right to access the JHDC, Defendant is attempting to prevent DRTx from accessing the Jail, its detainees, its staff, and requested records. Without such access DRTx is not able to perform its Congressionally-mandated protection and advocacy role.

13. On March 19, 2019, DRTx received a complaint regarding JHDC's failure to provide adequate medical and mental health services to a detainee at its facility.

14. On March 28, 2019, Daniel Garza, at the time an employee of DRTx, requested an inmate visit and access to the facility to investigate the complaints of abuse and neglect that he had received, and to speak with other detainees who may have complaints but had not contacted DRTx. The letter included proposed dates and an attached a summary of DRTx's Federal authority, a Memorandum of Understanding between DRTx and a county jail regarding DRTx's access

authority, and documents related to a complaint that DRTx filed and settled over access to another county jail.

15. On April 4, 2019, after receiving no response, Mr. Garza again requested access and to tour the facility on April 8, 2019, as he was scheduled to tour the adjoining McLennan County Jail that day. After not receiving a response, on April 8, 2019, Mr. Garza presented at JHDC and met with Assistant Warden Stacy King, who refused to allow DRTx access to the JHDC. She informed Mr. Garza only that the request was forwarded to JHDC corporate counsel and that he could not have access to the facility that day. She was unable to tell Mr. Garza when to expect a response to his requests, and did not provide an alternate date for DRTx to access the Jail.

16. On April 12, 2019, Mr. Garza emailed Defendant Warden Alford to restate the request for access to the facility, to request records for an inmate, and to inform the Warden that if DRTx did not receive a response from the Warden or JHDC legal counsel within the next 5 days regarding DRTx's access to JHDC, DRTx would take legal action. DRTx has received no response from the JHDC warden or legal counsel as of this writing.

17. Under the above-described circumstances, the Defendant has acted to create and maintain a system that impedes the Congressionally-mandated functions and duties of DRTx at the JHDC. While Plaintiff DRTx has no obligation to exhaust administrative or other remedies in this case, it has spent considerable time trying to persuade Defendant to allow DRTx the full, complete, meaningful, and timely access to the JHDC, and records of inmates that it is afforded by federal law. Unfortunately, Defendant has continued to deny DRTx said access.

## V.  CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

18. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 17, above.

19. DRTx, as Texas' designated Protection and Advocacy System, has the authority to access all general areas of JHCD, as well as JHCD's special mental health or forensic units. 42 U.S.C. § 10805(a)(3), § 15043(a)(2)(H); 42 C.F.R. § 51.42.

20. DRTx's federal mandate specifically grants DRTx unrestricted access to JHCD during all hours and shifts for the purpose of providing information, training, and monitoring compliance with respect to the rights and safety of residents, and to investigate any incidents of abuse or neglect of Jail detainees. 42 U.S.C. §§ 10805 & 15043; 42 C.F.R. § 51.42(b)-(c); 45 C.F.R. § 1386.22(f)-(h).

21. The P&A Acts also allow DRTx to access records of programs serving people with disabilities and the confidential records of people with disabilities. *See* 42 C.F.R. § 51.41(a)-(c); 45 C.F.R. § 1326.25(b).

22. Defendant's failure to permit DRTx full, complete, meaningful, and timely access to the JHDC, the staff of JHDC, and the detainees who are incarcerated at the JHDC violates the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § § 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a).

23. DRTx has no adequate remedy at law and will be irreparably harmed if Defendant is permitted to continue to deny it access to JHDC, the staff of the JHDC, and the detainees who are incarcerated at the JHDC.

## VI. INJUNCTIVE RELIEF

24. DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 23, above.

25. The policies, procedures, regulations, practices, and customs of Defendant violated and continues to violate the P&A Acts by not granting Plaintiff DRTx full, complete, meaningful, and timely access to JHDC, its staff, detainees, and detainee records. These policies, procedures, regulations and practices will continue to violate DRTx's right to access of the Jail in the future unless Defendant is permanently enjoined.

26. Plaintiff DRTx requests that, after trial on the issues, the Court enter a permanent injunction enjoining Defendant from continuing to deny full, complete, meaningful, and timely access by Plaintiff DRTx to the JHDC, the staff of the JHDC, the detainees who are incarcerated at the JHDC, and detainee records.

## VII. DECLARATORY RELIEF

27. Plaintiff DRTx restates and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 26, above.

28. Plaintiff DRTx requests that, after notice and hearing, this Court enter a declaratory judgment that Defendant's policies, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to the JHDC, the staff of the JHDC, the detainees who are incarcerated at JHDC, and detainee records, violated and continues to violate the P&A Acts.

## VIII. PRAYER

29. WHEREFORE, Plaintiff Disability Rights Texas respectfully prays that this Court:

   (a) Grant permanent injunctive relief that enjoins Defendant, its agents or employees, from denying DRTx immediate, full, complete, meaningful, and unaccompanied access by DRTx to the JHDC, the staff of the JHDC, the detainees who are incarcerated at the JHDC, and detainee records, to monitor the JHDC and conduct abuse and neglect investigations of the JHDC and its detainees at any reasonable time, including during business and visiting hours;

   (b) Issue a declaratory judgment that Defendant's policies, regulations, and practices of denying DRTx immediate, full, complete, meaningful and unaccompanied access by DRTx to the JHDC, the staff of the JHDC, the

    detainees who are incarcerated at the JHDC, and detainee records, to monitor the JHDC and conduct abuse and neglect investigations of the JHDC and its detainees without at any reasonable time, including during business and visiting hours, violate the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. §§ 10801, *et seq.;* the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a);

(c) Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 28 U.S.C. § 2202; and

(d) Award such other and further relief, at law of equity, to which Plaintiff DRTx is justly entitled.

    Respectfully submitted,

    _____
    Cassandra Champion
    State Bar No. 24082799
    cchampion@disabilityrightstx.org
    BETH MITCHELL
    State Bar No. 00784613
    Federal ID No. 29054
    bmitchell@drtx.org

    DISABILITY RIGHTS TEXAS
    2222 W. Braker Lane
    Austin, Texas 78758
    (512) 407-2730 (Phone)
    (512) 454-3999 (Fax)
    ATTORNEYS FOR PLAINTIFF